UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| RODERICK NUNN, ) | |
| ) | |
| Petitioner, ) | Civil No. 3: 15-31-GFVT |
| ) | |
| V. ) | |
| ) | |
| STATE OF KENTUCKY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Roderick Earl Nunn is a prisoner confined at the Federal Correctional Institution in Yazoo, Mississippi. Proceeding without counsel, Nunn has filed a "Verified Claim of $24,847.00 and Affidavit of Rodrick Nunn through Admiralty and Maritime Claim for verified claim and motion for claim of property and return of funds." [R. 1] Nunn's "Claim" requests the return of $24,847.00, which he appears to contend was seized from him (1) without a warrant being issued as required by Federal Rule of Criminal Procedure 9(c)(3); (2) without probable cause being found for its forfeiture, and (3) without sixty days prior notice as required by 18 U.S.C. § 983(a)(1)(A). [R. 1, pp. 2-3] Nunn asserts that he may seek the return of property pursuant to Rule 41(g), and seeks $200,000.00 in "pro se" attorneys fees pursuant to 28 U.S.C. § 2465(b)(1)(A). *Id*. at 3.

Nunn's "Claim" provides no factual context for his request, but documents attached to his Claim indicate that the Kentucky State Police seized $24,847.00 in cash from a plastic grocery bag inside Nunn's tractor trailer on May 22, 2007. [R. 1-1, p. 3] It appears that these funds were

1

deposited into the Carrollton Federal Bank on June 20, 2007, which in turn issued a cashier's check to the United States Marshals Service ("USMS") for the same amount. [R. 1-1, pp. 3-6]

Since 1996, Nunn has been repeatedly prosecuted by state and federal officials for thefts of semi-trucks containing valuable cargo. *Cf. United States v. Nunn*, No. 1:13-CR-166 (W.D. Mich. 2013) [R. 32 therein]  However, the funds at issue here were seized in 2007, and a review of the Court's online PACER database suggests that the $24, 847.00 does not appear to have been the subject of any federal forfeiture proceeding, past or present.  Accordingly, several of the provisions cited by Nunn, including 18 U.S.C. § 983 and 28 U.S.C. § 2465, have no bearing upon his claim.

Nunn also refers to Federal Rule of Criminal Procedure Rule 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. ...

Where, as here, "no criminal proceedings against the movant are pending or have transpired" with respect to the property at issue, relief under Rule 41(g) is equitable in nature. *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992).  If a Rule 41(g) motion is "made after the termination of criminal proceedings against the defendant," we treat it "as a civil complaint for equitable relief." *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (per curiam).

But if Nunn seeks relief against the Commonwealth of Kentucky, he has an adequate remedy under state law.  The Sixth Circuit follows the general rule that an equitable remedy under Rule 41(g) is simply unavailable where the movant has an adequate remedy at law. *Brown v. United States*, 692 F. 3d 550, 552 (6th Cir. 2012) (*citing Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989)).  Nunn has an adequate remedy at law for any alleged violation of his constitutional rights in the seizure of these funds through an action under 42 U.S.C. § 1983, *id*. at

2

553 n.1, and/or through filing a claim against the state through its Board of Claims under Ky. Rev. Stat. 44.070 *et seq.*[1]

Accordingly, **IT IS ORDERED** that:

1. Nunn's "Verified Claim of $24,847.00 ..." [R. 1], construed as a claim for return of property under Fed. R. Crim. P. 41(g), is **DISMISSED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket of the Court.

This 15th day of May, 2015.



---

[1] Documents attached to Nunn's Claim suggest that the funds actually ended up in the hands of the USMS, not Kentucky officials, on May 22, 2007. [R. 1-1, p. 6] Nunn may therefore be seeking the return of the funds from the wrong party. Even so, any equitable claim Nunn might have had against the USMS would be time-barred. Because an equitable claim under Rule 41(g) is not governed by a specific statute of limitations, the general six-year limitations period for claims against the United States found in 28 U.S.C. 2401(a) governs. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). The limitations period therefore expired six years after the May 22, 2007, seizure, on May 22, 2013. Because Nunn did not file suit until nearly two years after that date, any Rule 41(g) claim against the USMS would be time barred.